PHILLIP A. TALBERT
United States Attorney
JUSTIN L. LEE
ALEXIS KLEIN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES GORDLEY, <br><br> Defendant. | CASE NO. 2:22-cr-00058 DAD <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER BETWEEN THE PARTIES REGARDING DISCOVERY |

## I. STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, Alexis Klein, and defendant James Gordley, by and through his counsel of record, Etan Zaitsu, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information ("PII") of real persons and other confidential information of victims, witnesses, and third parties.

2. The government represents that as part of its investigation in this case, it is in possession of materials relating to the charges against the defendant (and named co-defendants), including voluminous bank records, business records, account information, and other evidence that contains PII and other confidential information for real persons, including, among other things, personal names, Social Security numbers, Driver's License numbers, and dates of birth. These real persons include victims, witnesses, and/or third parties to this case. The government seeks to

Stipulation and [Proposed] Protective Order          1

provide these materials to counsel for the defendant.

3. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and confidential personal information of others. It is the government's position that if this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the people to whom the information relates, that the information could itself be used to further criminal activity if improperly disclosed or used, and that the United States has ongoing statutory and ethical obligations to protect victims.

4. The government represents that due to the nature of this case, including the extensive financial records involved, PII makes up a significant part of the discovery materials, and in many instances has evidentiary value. The government represents that the large quantity of privacy-protected information would be difficult or time-consuming to redact and if the government were to attempt to redact all of this information, the defense would receive a set of discovery that would be confusing, difficult to understand, and could inhibit prompt and just resolution of the case.

5. It is defense counsel's position that a protective order that prevents the defendant from possessing discovery can make defense preparation difficult and time-consuming, especially because, as of the date of signing, the defendant resides outside of the district, without a vehicle, and in a court-ordered halfway house in which attorney access and a private space for confidential communication is not readily available. Due to these and other such constraints and burdens, it is defense counsel's position that a protective order that is broader than necessary to serve its intended purpose can amount to a violation of the defendant's right to a fair trial.

6. Accordingly, the government and the defendant (collectively the "parties") jointly request a Protective Order, under the conditions set forth below, that will permit the government to produce unredacted discovery containing PII that preserves the privacy and security of victims, witness, and third parties, while permitting the Defense Team (as defined below in section II.B.) to understand the United States' evidence against the defendant.

7. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

8. This Order pertains to all discovery provided or made available to defense counsel in this case (hereafter, collectively "Protected Materials"), except discovery the parties agree should be exempt from this Protective Order.

    a) The defense reserves the right to object to the scope of the protective order.

    b) The government agrees, where appropriate, to approve of redactions to the protected material or limit the scope of the protective order, in writing, and these materials will not be subject to this Protective Order. When materials are released to defense counsel that are not subject to this Protective Order, the government will separately bates stamp these materials with a different prefix.

9. For purposes of this Protective Order, the term "Personal Identifying Information" ("PII") includes any name, social security number, date of birth, State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, fingerprint, unique electronic identification number, address or routing code, license plate number, address, vehicle identification number, FBI and CII number and any other similar identifier, and information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

10. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

11. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

12. For purposes of this Order, the term "Defense Team" refers to (1) a defendant's counsel of record, (2) other attorneys at that defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators

who are assisting a defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to a defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include the defendant, the defendant's family, or other associates of the defendant.

13. Defense Counsel must provide a copy of this Order to all members of the Defense Team, prior to providing any Protected Materials to the members of the Defense Team. As to any members of the Defense Team that are not employed in the same office as Defense Counsel, such as retained or potential experts, Defense Counsel must obtain written or electronic acknowledgement from those members of the Defense Team that they are bound by the terms and conditions of this Protective Order. The acknowledgement must be maintained by Defense Counsel until final disposition of the case, including exhaustion of direct and collateral appellate proceedings, but need not be disclosed or produced to the United States unless ordered by the Court.

**C.    Disclosure of Protected Materials**

14. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of providing effective assistance of counsel, conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever. All Protected Materials shall not be used for the economic or other benefit of the defendant or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

15. The defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure that the defendant is never left alone with any Protected Information. The defendant may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time. The defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which the defendant reviews the Protected Materials. The defendant may not take any Protected Materials out of the room in which he is meeting with the Defense Team. The defendant may not write down or memorialize any PII

contained in the Protected Materials. At the conclusion of any meeting with the defendant, the member(s) of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant.

16. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant. Before being shown any portion of the Protected Materials, however, any witness or potential witness, including the defendant, must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

17. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

18. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, so that the United States may take action to respond to such demands as it may deem appropriate.

**D.     Ensuring Security of Protected Materials**

19. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, on a password-protected device, or otherwise secure facility where visitors are not left unescorted.

20. A copy of the Protective Order must be stored with the discovery, in paper or electronic form.

21. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be

stored securely and not written on the storage media that they unlock.

22. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, media, or electronic storage that contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

23. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

### F. Conclusion of Prosecution

24. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

25. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall, upon request by the government, return the Protected Materials to the government, or state in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G. Termination or Substitution of Counsel

26. In the event that there is a substitution of counsel prior to final disposition of the case,

new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in subsection F, above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

**H.     Modification of Order**

27.     Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to the protected or non-protected status of discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more or less restrictive protective order with regard to particular discovery items.

**I.     Violation of Order**

28.     Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**J.     Application of Laws**

29.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

30.     Nothing in this Order shall be construed to affect the application or and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

///
///
///
///
///
///

Stipulation and [Proposed] Protective Order     7

| | |
|---|---|
| Dated:  September 1, 2022 | PHILLIP A. TALBERT<br>United States Attorney<br><br>By: /s/ ALEXIS KLEIN<br>ALEXIS KLEIN<br>Assistant United States Attorney |
| Dated:  September 1, 2022 | By: */s/ Etan Zaitsu*<br>ETAN ZAITSU<br>Counsel for Defendant<br>JAMES GORDLEY |

### [PROPOSED] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED: September 1, 2022

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE